# EXHIBIT A

Evan J. Smith, Esquire (SBN 242352)
BRODSKY SMITH
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2025 10:15 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Lara, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EDDIE MACK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC.,<br><br>Defendant, | CASE NO.: 25STCV38455<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, et seq.<br><br>(2) VIOLATIONS OF THE CDPA, CALIFORNIA CIVIL CODE § 54.1, et seq.<br><br>(3) VIOLATIONS OF CAL. CIV. CODE § 55.1, et seq.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Eddie Mack ("Plaintiff"), by and through his attorneys, alleges the following based upon personal knowledge as to his own acts, and upon information and belief and his attorneys' investigation as to all other facts.

1.     Plaintiff, on behalf of himself and on behalf of a Class (defined herein) of mobility impaired/wheelchair bound persons, alleges that defendant American Builders & Contractors Supply Co., Inc. ("ABC Supply" or "Defendant") is in violation of the anti-discrimination state statutes of California, Unruh Civil Rights Act, California Code § 51 et seq. ("Unruh Act"), the California Disabled Persons Act, California Civil Code § 54 et seq. ("CDPA"), and Cal. Civ. Code § 55 et seq.

- 1 -

Exhibit A000013

1    2.    Plaintiff seeks statutory damages and reasonable attorneys' fees and costs on

2    behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or

3    would like to patronize the stores identified below.

4    **STATUTORY BACKGROUND**

5    3.    Both the CDPA, which was enacted in 1968, and the Unruh Act, which was

6    amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of

7    disability and require full and equal access to services, facilities and advantages of public

8    accommodations.

9    4.    All buildings constructed or altered after July 1, 1970, must comply with

10    standards governing the physical accessibility of public accommodations.

11    5.    From December 31, 1981 until the present, the standards have been set forth in

12    Title 24 of the California regulatory code (the "California Standards"). In addition to setting

13    forth design and construction standards, the California Standards require public accommodations

14    to maintain in operable working condition those features of facilities and equipment that are

15    required to be accessible to and usable by persons with disabilities. California Standards, §

16    1101B.3.

17    6.    A violation of a California Standard constitutes a violation of both the CDPA and

18    the Unruh Act. A violation of 42 U.S.C. § 12181, et seq., of the Americans with Disabilities Act

19    ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A

20    prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of

21    whether the plaintiff has suffered any actual damages. Cal. Civ. Code, § 54.3.

22    7.    The Unruh Civil Rights Act, Cal. Code, § 51, prohibits discrimination on the basis

23    of disability by "all business establishments of every kind whatsoever."

24    8.    In 1992, the Unruh Act was amended to provide that "violation of the right of any

25    individual under the Americans with Disabilities Act of 1990… shall also constitute a violation

26    of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F.

27    Supp. 2d 1134, 1135 (N.D. Cal.1998).

28

- 2 -

Exhibit A000014

CLASS ACTION COMPLAINT

9.      Under Cal. Civ. Code, § 55, a plaintiff may file an action to enjoin any technical violations of California's access laws, without an actual attempt to access the facility or to prove the violation results from discrimination. Injunctive relief under section 55 is available as a cumulative remedy under the Unruh Act or the CDPA. *Molsky v. Arciero Wine Group*, 164 Cal. App. 4th 786, 79 Cal. Rptr. 3d 574 (2008).

10.     Despite an extended period of time in which to become compliant and despite the extensive publicity the CDPA and Unruh Act has received over the years, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to and use of its stores.

## PARTIES AND STANDING

11.     Plaintiff is a citizen of California and is domiciled in Long Beach, CA and qualifies as an individual with disabilities. Plaintiff is a paraplegic and requires a wheelchair to move about. Plaintiff has visited and patronized ABC Supply stores within the State of California, and has experienced discrimination at such stores as more fully set forth below. Plaintiff is being deterred from patronizing ABC Supply stores but intends to return to these stores for the dual purpose of availing himself of the goods and services offered to the public at such stores and to ensure that those stores cease evading their responsibilities under state law.

12.     Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.

13.     Plaintiff has reasonable grounds to believe that Defendant will continue to subject him and other disabled individuals to discrimination in violation of the laws of the State of California, given that the Defendant has failed to bring existing stores into compliance for over forty (40) years and has allowed new stores to be constructed that are similarly out of compliance.

14.     Defendant, at all relevant times to this litigation, acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees.

- 3 -

Exhibit A000015

CLASS ACTION COMPLAINT

15.     Defendant American Builders & Contractors Supply Co., Inc., at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. American Builders & Contractors Supply Co., Inc. is a Delaware corporation with a registered agent for service of process located at c/o CSC, 2710 Gateway Oaks Dr., Sacramento, CA 95833.

16.     Upon information and belief, Defendant operates as many as twenty (20) stores in the State of California. Defendant's stores that are located in the State of California are required to comply with California state law and be fully accessible to the mobility impaired.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction of the Unruh Act and CDPA claims pursuant to Cal. Civ. Code §§ 51, 54, and 55.

18.     Venue lies in this district as Defendant is found and/or does substantial business here, and a part of the property that is the subject of the Action is so situated.

## CLASS ACTION ALLEGATIONS

19.     Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

20.     Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

21.     Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in

- 4 -

CLASS ACTION COMPLAINT

determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

22.    In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

23.    The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized ABC Supply stores identified herein, who have been, or who were, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the ABC Supply stores identified herein (the Class).

24.    The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

25.    Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(b)    Whether Defendant's stores have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

- 5 -

Exhibit A000017

CLASS ACTION COMPLAINT

(c)    Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d)    Whether Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or has failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e)    Whether violations of the ADA also constitute per se violations of the California anti-discrimination statutes Cal. Civ. Code §§ 51, and 54 et. seq.;

(f)    Whether Defendant has violated and/or continues to violate the state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g)    Whether the state anti-discrimination statues identified above provide for a private right of action;

(h)    Whether the state anti-discrimination statues identified above provide for injunctive relief;

(j)    Whether to recover under the Unruh Civil Rights Act a plaintiff must plead and prove intentional discrimination;

(k)    Whether a plaintiff must prove intentional conduct to recover under the CDPA; and

(l)    Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Civil Rights Act or CDPA.

26.    Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendant has violated state law by violating the ADA

- 6 -

Exhibit A000018

CLASS ACTION COMPLAINT

1  and Title 24 by failing to make its stores accessible to individuals with disabilities and by

2  excluding Plaintiff, and other similarly situated persons, from full and equal enjoyment of the

3  goods, services, programs, facilities, privileges, advantages, or accommodations at Defendant's

4  stores, and subjecting Plaintiff to discrimination by failing to provide its facilities and other

5  goods, services, programs, facilities, privileges, advantages or accommodations to Plaintiff, as

6  well as other similarly situated persons.

7        27.    Plaintiff will fairly and adequately protect the interests of the members of the

8  Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has

9  no interests antagonistic to, or in conflict with, those of the Class.

10        28.    A class action is superior to other available methods for the fair and efficient

11  adjudication of the controversy, since joinder of all members is impracticable. Furthermore,

12  because the damages suffered by the individual Class members may be relatively small, the

13  expense and burden of individual litigation make it impossible for members of the Class

14  individually to redress the wrongs done to them.

15        29.    There will be no difficulty in the management of this action as a class action.

16  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action,

17  in that it is likely to avoid the burden which would be otherwise placed upon the judicial system

18  by the filing of thousands of similar suits by disabled people across California. There are no

19  obstacles to effective and efficient management of the lawsuit as a class action.

20                  **ABC SUPPLY STORES OWNED/OPERATED BY DEFENDANT**

21                  **IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

22        30.    On October 16, 2025, Plaintiff patronized ABC Supply located at 1516 S. Grande

23  Vista Ave., Los Angeles, CA to purchase supplies and suffered discrimination as a result of

24  being denied full and equal access. Specifically, this store denied Plaintiff equal access because it

25  does provide an accessible parking lot and/or restroom. First, Plaintiff was deterred from parking

26  in a handicap accessible parking space because the parking lot does not have the requisite

27  number of accessible and/or van accessible parking spaces pursuant to the law. Plaintiff was

28  further unable to park in a handicap accessible and/or van accessible parking space because the

Exhibit A000019

1  existing accessible and/or van accessible parking spaces do not have accessible aisles, making it

2  not possible for him safely exit and/or enter his vehicle. Further, Plaintiff was restricted from

3  parking in a handicap accessible parking space because the parking lot does not provide

4  accessible and/or van accessible parking signage to deter the use of handicap accessible parking

5  spaces by persons who are not disabled. As a result, Plaintiff was unable to park in a handicap

6  parking space.

7       Upon entering the store, Plaintiff was denied equal access to the store's restroom. Prior to

8  entering the restroom, Plaintiff was unable to access the restroom door without assistance due to

9  inaccessible restroom door hardware that requires grasping, pinching, or twisting of the wrist,

10  and because the restroom door closer is not adjusted to allow the restroom door to remain open

11  for at least three (3) seconds, making it not possible for him to operate or utilize the restroom

12  door and/or hardware mechanics, unassisted. Plaintiff was further deterred from using the toilet

13  because the restroom lacks grab bars and the toilet is situated such that Plaintiff was not afforded

14  enough stall room space to maneuver his wheelchair and/or make transfer from his wheelchair to

15  the toilet. Plaintiff was further restricted from using the toilet because the toilet paper dispensers

16  are mounted excessively high and/or out of reach to him such that he was unable to access the

17  sanitary products As a result, Plaintiff did not use the toilet. Prior to exiting the restroom,

18  Plaintiff was further deterred from using the facilities because the mirrors and paper towel

19  dispensers are each mounted excessively high and out of sight/reach to him. As a result, Plaintiff

20  was deterred from using the restroom in its entirety.

21       31.    In an attempt to avoid litigation, Plaintiff provided notice and the opportunity to

22  cure to Defendant. On October 16, 2025, Plaintiff sent a letter to the store manager of the 1516 S.

23  Grande Vista Ave., Los Angeles ABC Supply location informing him/her that this store is not

24  accessible to him for the above reasons, that he was aware of similar accessibility barriers at

25  other ABC Supply locations, and asking that these problems be fixed within 30 days. Plaintiff

26  did not seek any monies or statutory damages in his letter.

27       32.    Plaintiff received no response to his October 16, 2025, letter. As a result, he is

28  now being deterred from patronizing all of Defendant's California locations.

Exhibit A000020

33.     Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendant's discriminatory barriers. Those investigations, which are still ongoing, have to date identified the stores listed below as being in serious violation of state law as a result of their violations of the California Standards governing the physical accessibility of public accommodations and/or the ADA which results in a violation of both Unruh and/or CDPA. This information has been disseminated to the Plaintiff providing him with actual notice of the violations at Defendant's stores listed below:

1.     1516 S. Grande Vista Ave., Los Angeles, CA

2.     16830 S. Harbor Blvd., Santa Ana, CA

3.     27 Jordan St., San Rafael, CA

4.     7217 San Leandro St., Oakland, CA

5.     4818 Sunrise Dr., Martinez, CA

6.     3231 Peck Rd., Monrovia, CA

7.     443 E. Mission Rd., San Marcos, CA

8.     135 W. 30th St., National City, CA

9.     800 Benedict Ave., El Cajon, CA

10.    14923 Desman Rd., La Mirada, CA

11.    498 Lambert St., Oxnard, CA

12.    1428 W. Mission Blvd., Ontario, CA

13.    13555 Imperial Hwy., Whittier, CA

14.    2074 National Ave., Hayward, CA

15.    1336 Marsten Rd., Burlingame, CA

16.    21540 Nordhoff St., Chatsworth, CA

17.    1225 E. Cerritos Ave., Anaheim, CA

18.    7250 Convoy Ct., San Diego, CA

19.    19105 S. Figueroa St., Gardena, CA

20.    212 W. Taft Ave., Orange, CA

Exhibit A000021
CLASS ACTION COMPLAINT

34.    The aforementioned violations are ongoing and continue to result in Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these stores.

35.    Defendant has discriminated and is discriminating against Plaintiff, and others similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and required by both the California Standards and by the ADA. The following list describes Defendant's violations in the stores listed above:

1.    **1516 S. Grande Vista Ave.**
      **Los Angeles, CA 90023**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The sales counter is not accessible.  This is in violation of Title 24 Code 1122B.1; ADAAG – Section 7.2.

Exhibit A000022
CLASS ACTION COMPLAINT

**Violation 10**
The aisle does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously.  This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**Violation 11**
The center of the toilet or water closet is 13" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 12**
The height of the toilet seat or water closet is 16" and is not accessible.  This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

**Violation 13**
The toilet paper dispenser is not located on the side wall below the grab bar.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 14**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 15**
The toilet paper dispenser is not mounted a minimum of 19" from the floor to the center of the dispenser.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 16**
The restroom door hardware is not compliant.  This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 17**
The restroom does not provide proper floor space and is not accessible.  This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.23.3.

**Violation 18**
The restroom stall does not provide proper floor space and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.3; ADAAG – Section 4.17.3.

**Violation 19**
The restroom door is 24" wide and is not accessible.  This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.17.3.

**Violation 20**
There are no required grab bars in the restroom.  This is in violation of Title 24 Code 1115B.8.1; ADAAG – Section 4.17.6.

**Violation 21**
The mirror in the restroom is 46" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 22**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

- 11 -

Exhibit A000023

**Violation 23**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 24**
The restroom light switch is located 50" from the finished floor.  This is in violation of Title 24 Code 1117B.6.5.1; ADAAG – Section 4.27.

**Violation 25**
The paper towel dispenser in the restroom is located 50" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

2.    **16830 S. Harbor Blvd.**
      **Santa Ana, CA 92704**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 10**
The center of the toilet or water closet is 20" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

- 12 -

CLASS ACTION COMPLAINT

**Violation 11**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 12**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 13**
The urinal rim height is 20" and is not compliant. This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 14**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 15**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 16**
The toilet seat cover dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

3. **27 Jordan St.**
   **San Rafael, CA 94901**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

Exhibit A000025
CLASS ACTION COMPLAINT

**Violation 7**
The accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 10**
The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

4.      **7217 San Leandro St.**
        **Oakland, CA 94621**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The restroom door force is 11 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

Exhibit A000026
CLASS ACTION COMPLAINT

**Violation 9**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

5.      **4818 Sunrise Dr.**
        **Martinez, CA 94553**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The toilet paper dispenser is located 18" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 9**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 10**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 11**
The paper towel dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

Exhibit A000027
CLASS ACTION COMPLAINT

**Violation 12**
The toilet seat cover dispenser in the restroom is located 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

6.   **3231 Peck Rd.**
     **Monrovia, CA 91016**

**Violation 1**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 5**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 6**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp.  This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 7**
The entrance landing is not accessible.  This is in violation of Title 24 Code 1133B.2.4.2; ADAAG – Section 4.1.3.6.

**Violation 8**
The mirror in the restroom is 44" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 9**
The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 10**
The paper towel dispenser in the restroom is located 52" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 11**
The toilet seat cover dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

7.   **443 E. Mission Rd.**
     **San Marcos, CA 92064**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 3**
The center of the toilet or water closet is 19" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 4**
The toilet paper dispenser is not located on the side wall below the grab bar.  This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 5**
The restroom door force is 10 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The mirror in the restroom is 42" from the floor and is not compliant.  This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 7**
The urinal rim height is 18" and is not compliant.  This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 8**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 9**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 10**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 11**
The toilet seat cover dispenser in the restroom is located 54" above the floor.  This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

8.   **135 W. 30th St.**
     **National City, CA 91950**

**Violation 1**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

- 17 -

CLASS ACTION COMPLAINT

**Violation 2**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 3**
The restroom door force is 10 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The height of the toilet seat or water closet is 18" and is not accessible.  This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

**Violation 5**
The paper towel dispenser in the restroom is located 50" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

9.    **800 Benedict Ave.**
    **El Cajon, CA 92020**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The toilet paper dispenser is located 12" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 3**
The restroom door force is 10 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The paper towel dispenser in the restroom is located 53" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

10.    **14923 Desman Rd.**
    **La Mirada, CA 90633**

**Violation 1**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

11.  **498 Lambert St.**
     **Oxnard, CA 93036**

     **Violation 1**
     There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4

     **Violation 2**
     The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

     **Violation 3**
     The toilet paper dispenser is not located on the side wall within 7"-9" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

     **Violation 4**
     The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

     **Violation 5**
     The urinal rim height is 19" and is not compliant. This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

     **Violation 6**
     The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

12.  **1428 W. Mission Blvd.**
     **Ontario, CA 91762**

     **Violation 1**
     There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4

     **Violation 2**
     The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

     **Violation 3**
     The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

     **Violation 4**
     The mirror in the restroom is 42" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

     **Violation 5**
     The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

- 19 -

**Exhibit A000031**

CLASS ACTION COMPLAINT

13. **13555 Imperial Hwy.**
**Whittier, CA 90605**

**Violation 1**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 2**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 5**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 6**
The rest room clothing hooks are 64" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

14. **2074 National Ave.**
**Hayward, CA 94545**

**Violation 1**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 2**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 3**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 4**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

Exhibit A000032
CLASS ACTION COMPLAINT

**Violation 6**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 7**
The paper towel dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 8**
The toilet seat cover dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

15.   **1336 Marsten Rd.**
      **Burlingame, CA 94010**

**Violation 1**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 2**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

16.   **21540 Nordhoff St.**
      **Chatsworth, CA 91311**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 3**
The ramp is greater than 6" rise and 72" in length and handrails not provided. This is in violation of Title 24 code 1133b.5.5.1; ADAAG - Section 4.8.5.

**Violation 4**
The entrance landing is not accessible. This is in violation of Title 24 Code 1133B.2.4.2; ADAAG – Section 4.1.3.6.

**Violation 5**
The toilet paper dispenser is located 12" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 6**
The restroom door force is 9.4 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 7**
The soap dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

- 21 -
CLASS ACTION COMPLAINT

Exhibit A000033

**Violation 8**
The paper towel dispenser in the restroom is located 55" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 9**
The toilet seat cover dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**17.    1225 E. Cerritos Ave.**
**Anaheim, CA 92805**

**Violation 1**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
The pipes under the lavatory are not covered.  This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 3**
The center of the toilet or water closet is 16" from the wall and is not accessible.  This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 4**
The height of the toilet seat or water closet is 15" and is not accessible.  This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

**Violation 5**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The urinal rim height is 19" and is not compliant.  This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 7**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 8**
The paper towel dispenser in the restroom is located 48 above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 9**
The toilet seat cover dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**18.    7250 Convoy Ct.**
**San Diego, CA 92111**

**Violation 1**
The restroom door force is 8 lbs. and is not accessible.  This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

Exhibit A000034
CLASS ACTION COMPLAINT

**Violation 2**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 3**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 4**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

19.     **19105 S. Figueroa St.**
        **Gardena, CA 90248**

**Violation 1**
There is not the required number of accessible parking spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 6**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

**Violation 7**
The accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 8**
The van accessible parking spaces do not have accessible aisles.  This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 9**
The restroom signage is not compliant.  This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

- 23 -

CLASS ACTION COMPLAINT

20.    **212 W. Taft Ave.**
**Orange, CA 92865**

**Violation 1**
There is not the required number of van accessible spaces.  This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00."  This is a violation of Title 24 Code 1129B.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed.  This is in violation of Title 24 Code 1129B.4.

36.     The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's accessibility barriers and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendant's stores.

37.     The correction of these violations is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

38.     To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendant's failure to comply with these standards or regulations is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendant's stores.

39.     As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendant's stores, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations. Unless Defendant's stores are brought into compliance, said persons will continue to suffer injury in the future.

Exhibit A000036
CLASS ACTION COMPLAINT

## COUNT I

### (Unruh Civil Rights Act)

40.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

41.     Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq.

42.     The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, et seq.

43.     The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

44.     Defendant has violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

45.     Defendant has violated the Unruh Act, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its location.

46.     In doing the acts and/or omissions alleged herein, Defendant has wrongfully and unlawfully denied individuals with disabilities access to its locations and its facilities and has acted intentionally and with knowledge of the effect its conduct is having on physically disabled persons.

47.     Defendant has violated the Unruh Act by both being in violations of the California Standards and rights provided under the Americans with Disabilities Act of 1990.

Exhibit A000037

48.     Further, Defendant has violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in its stores.

49.     Plaintiff is being deterred from patronizing Defendant's store as a result of his actual knowledge of the violations stated above.

50.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**COUNT II**

**(California Disabled Persons Act)**

51.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

52.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, et seq.

53.     The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq. and relevant provisions of the California building code regulations.

54.     The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

55.     Defendant has violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendant.

56.     Defendant has violated the CDPA by, *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its stores.

57.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied individuals with disabilities access to its stores and facilities and has acted with knowledge of the effect their conduct was having on physically disabled persons.

Exhibit A000038

58. Defendant has violated the CDPA by being, as listed above, in violation of both California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

59. Plaintiff is being deterred from patronizing Defendant's store as a result of his actual knowledge of the violations stated above .

60. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 54, Plaintiff prays for judgment as set forth below.

**COUNT III**

**(Cal. Civ. Code § 55)**

61. Plaintiff re-alleges and incorporates by reference all of the above allegations set forth in the Complaint as if fully set forth herein.

62. Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of Cal. Civ. Code § 55, et seq.

63. The conduct alleged herein violated the Cal. Civ. Code, § 55, et seq. and relevant provisions of the California building code regulations .

64. Plaintiff brings the claim to enjoin any technical violations of the California Standards or access laws.

65. In order to enjoin the aforementioned violations, Plaintiff is not required to prove an actual attempt to access Defendant's store or to prove that the violation results from discrimination.

66. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below

**RELIEF**

WHERFORE, Plaintiff demands judgment against Defendant and requests the following relief:

A. that this Court certify the proposed Class;

1            B.      that this Court certify Plaintiff as class representatives on behalf of the

2  Class;

3            C.      that this Court declare that the policies, procedures, and services, and

4  facilities at the Defendant's stores located in California have been discriminatory and

5  violative of the ADA and therefore are violative of the Unruh Civil Rights Act and the

6  California Disabled Persons Act;

7            D.      that this Court declares that the policies, procedures, services, and

8  facilities of Defendant are discriminatory and violative of the state anti-discrimination

9  statutes of California and the California Standards;

10           E.      that this Court declare that Defendant's violation of the state anti-

11  discrimination statutes of California is intentional.

12           F.      that this Court Order injunctive relief to require Defendant to become in

13  compliance and remain in compliance with state anti-discrimination statutes.

14           G.      that this Court award minimum statutory damages on behalf of the

15  Plaintiff against Defendant pursuant to the state statutes identified above;

16           H.      that this Court award reasonable attorneys' fees and costs (including

17  expert fees) and other expenses of suit; and

18           I.      that this Court awards such other and further relief as it deems necessary,

19  just, proper, and appropriate.

20                         **<u>DEMAND FOR JURY TRIAL</u>**

21  Plaintiff hereby demands a jury on all issues which can be heard by a jury.

22  Dated: December 29, 2025           BRODSKY SMITH

23

24                         By:_____

25                         Evan J. Smith (SBN242352)

                            9465 Wilshire Blvd., Ste. 300

26                         Beverly Hills, CA 90212

                            Telephone: (877) 534-2590

27                         Facsimile: (310) 247-0160

28

                            *Attorneys for Plaintiff*

Exhibit A000040

CLASS ACTION COMPLAINT

## VERIFICATION

I, Eddie Mack, hereby certify that I am the Plaintiff in this civil action and certify under penalty of perjury under the laws of the State of California that the Complaint is true to the best of my knowledge, information and belief.